IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ORGANIC LEASING, LLC, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 18-1421 |
| | : | |
| BRANCH BANKING & TRUST, | : | |
| | : | |
| Defendant. | : | |

**Mitchell S. Goldberg, J.**                                                                                      September 24, 2018

**MEMORANDUM OPINION**

Plaintiff Organic Leasing, LLC brings claims under Article 4A of the Pennsylvania Uniform Commercial Code and common law negligence against Defendant Branch Banking & Trust for a series of allegedly unauthorized transfers from Plaintiff's checking account. Defendant has moved to dismiss the negligence claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, I find that the Motion turns on a factual predicate that cannot be resolved at this stage. Accordingly, I will deny the Motion.

**I.    FACTUAL BACKGROUND**

The Complaint sets forth the following facts:[1]

Defendant, a North Carolina corporation, operates a bank with branch offices across the United States. Plaintiff is an Oregon LLC with its principal place of business in Elkins Park, Pennsylvania.

---

[1] When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assume the veracity of all well-pleaded facts found in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). I assume that all the facts found in the Complaint are true.

1

On April 13, 2017, Plaintiff's CEO, Alex Pearl, opened a checking account in the name of the Oregon LLC with Defendant's bank at its Jenkintown, Pennsylvania branch office. The authorized signatories for the account were Mr. Pearl and two of the LLC's managers, Donald Berg and Peter Abrams. (Compl. ¶¶ 5–8, 14–17.)

From December 15, 2017 through January 5, 2018, there were nineteen transfers from Plaintiff's checking account to third parties. The transfers were made through online requests to send money to recipients such as "Shelia Baker," "Guylain Mugomoka," "Compass INTL Logistics Foshan Co China," "Smooth Autos LLC," and "Emmade Bottle Store and Club S Africa." In total, $521,350 was transferred out of Plaintiff's checking account. Defendant restored $196,787 of the transferred funds to the account, but did not restore the remaining $324,263. (Id. ¶¶ 19–37, 46–48.)

Plaintiff asserts that all of these transfers were unauthorized. Some of the transfers, Plaintiff alleges, were initiated by an individual calling Defendant's fraud department and falsely claiming to be Mr. Pearl. Plaintiff contends that Defendant failed to follow reasonable security procedures before accepting the transfers, and that the transfers were unusual in light of Plaintiff's prior account activity. (Id. ¶¶ 39–42, 59.)

Plaintiff filed suit in the Court of Common Pleas for Philadelphia County on March 16, 2018, seeking restoration of the transferred funds as well as consequential damages, punitive damages, attorneys' fees, and costs of suit. Plaintiff sets forth claims under two theories: (1) violation of Article 4A of Pennsylvania's Uniform Commercial Code ("Article 4A"), 13 Pa. C.S. § 4A101 et seq. ("Count I"), and (2) common law negligence ("Count II"). The Article 4A count rests on an allegation that Defendant failed to use commercially reasonable means to verify the authenticity of the transfers before executing them. The negligence count rests on allegations

that Defendant failed to monitor the account, failed to train its employees, failed to notify Plaintiff's agents of the transfers, and failed to recover the transferred funds. (Id. ¶¶ 50–62.)

On April 5, 2018, Defendant removed the suit to this Court, and then, on May 7, 2018, moved to dismiss the negligence count for failure to state a claim.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. To determine the sufficiency of a complaint under Twombly and Iqbal, a court must take the following three steps: (1) the court must "take note of the elements a plaintiff must plead to state a claim;" (2) the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) "where there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (alterations and citations omitted).

Generally, a motion to dismiss filed under Rule 12(b)(6) cannot reach the merits of an affirmative defense. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 657-58 (3d Cir. 2003). It is possible to evaluate such a motion, however, if all the facts necessary to the defense are clearly alleged on the face of the complaint. Id. But, if the complaint does not clearly show the defense to be meritorious, it is inappropriate for the court to consider it under Rule 12(b)(6). In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 277 (3d Cir. 2004).

## III. ANALYSIS

Defendant argues that Plaintiff's negligence claims should be dismissed because Plaintiff's exclusive remedy is through Article 4A. Plaintiff responds that whether Article 4A applies to the challenged conduct is not clear from the face of the allegations, such that the negligence claims should survive as an alternative theory.[2]

Article 4A governs funds transfers. 13 Pa. C.S. § 4A102. A "funds transfer" is a series of transactions that begins with a "payment order" and is made for the purpose of delivering payment to a beneficiary. § 4A104(a). A "payment order," in turn, is "[a]n instruction of a sender to a receiving bank . . . to pay, or to cause another bank to pay, a fixed or determinable amount of money to a beneficiary," when certain conditions are met: (i) that the instruction not state a condition other than the time of payment; (ii) that the receiving bank be reimbursed by "debiting an account of, or otherwise receiving payment from, the sender;" and (iii) that the instruction come from the party making payment, either directly or through an agent or communication system. § 4A103(a)(1). Additionally, Article 4A governs purported but unauthorized funds transfers, in which the initial payment order purports to come from the party making payment but in fact comes from a third party. § 4A203.

Article 4A, however, does not govern other methods by which funds may be removed from a bank account. See U.C.C., art. 4A, Prefatory Note, at 518 (12th ed. 1990). In particular, Article 4A only covers those transfers for which the initial order is sent (or, in the case of an unauthorized order, purportedly sent) by the party making payment—not by the party receiving payment or other third party. Id. at 519; 13 Pa. C.S. §§ 4A103(a)(1), 4A104(a). Even for such orders, Article 4A places additional limits on the scope of its provisions, such as that the order

---

[2] Plaintiff also argues that it has alleged negligent conduct that is not covered by Article 4A, regardless of the nature of the underlying transaction. As I am denying the Motion, I will defer consideration of this argument.

not be conditional. § 4A103(a)(1). If any of these conditions are lacking, Article 4A does not apply.[3]

Reading the Complaint in the light most favorable to Plaintiff, it is possible that not all of the alleged transfers fell within § 4A104(a)'s definition of a "funds transfer" (or a purported funds transfer). Plaintiff does not plead, for each of the transfers, how third parties authorized them—whether by purporting to be Plaintiff's agents or by some other means.[4] Nor does Plaintiff plead that all of the alleged transfers fit within the limitations of § 4A103(a)(1). Therefore, the applicability of Article 4A is not clear on the face of the Complaint.

Defendant argues that Plaintiff cannot maintain its negligence claims because Plaintiff does not allege facts plausibly suggesting a different means of payment. However, a plaintiff is not required to establish that an otherwise well-pleaded claim is not preempted by statute. Deblasio v. Cent. Metals, Inc., No. 1:13-cv-5282, 2014 WL 2919557, at *8 (D.N.J. June 27, 2014); see also Penalosa Coop. Exch. v. A.S. Polonyi Co., 745 F. Supp. 580, 584 (W.D. Mo. 1990) (declining to find a claim displaced by the UCC on a motion to dismiss where the facts alleged did not establish the defense as a matter of law). It is enough that the defense not be clear on the face of the complaint. Worldcom, 343 F.3d at 657–58.

## IV. CONCLUSION

For the foregoing reasons, I will deny Defendant's Motion without prejudice to Defendant's right to reassert the defense at a later stage of these proceedings.

An appropriate Order follows.

---

[3] Because the issue has not been briefed, I decline to consider whether other statutes or regulations might govern such transfers.

[4] Although it is alleged that some of the transfers were authorized by an individual claiming to be Mr. Pearl, the allegation does not state that it applies to all alleged transfers. (Compl. ¶ 42.)